UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE COLEMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ERIK COHEN and SACRAMENTO COUNTY SUPERIOR COURT FAMILY LAW DIVISION,<br><br>　　　　Defendants. | No.  2:23-cv-02685 TLN AC PS<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

　　　Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21).  Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and submitted the affidavit required by that statute.  <u>See</u> 28 U.S.C. § 1915(a)(1).  ECF No. 2.  The motion to proceed IFP will therefore be GRANTED.

I. SCREENING

　　　A.　　<u>Standards</u>

　　　The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting

the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

2

1 reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at

2 678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity

3 to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v.

4 Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

5       B.  The Complaint

6       Plaintiff purports to bring suit under 18 U.S.C. 3771, a portion of the criminal code.  The

7 complaint asks this court to order damages for various orders issued by the defendant state court

8 in a family law matter, and asks the court to enjoin future state court proceedings regarding

9 alimony/spousal support in the ongoing family law action.  ECF No. 1 at 2-5.  Per the complaint,

10 Erik Cohen is the petitioner in the family law action proceeding in Sacramento County Family

11 Law Court, and the next hearing is scheduled for January 25, 2024.  Id. at 5.  Plaintiff names the

12 Sacramento County Superior Court and Erik Cohen as defendants, but does not make any specific

13 claims against Cohen.  Id. at 1-6.

14       C.  Analysis

15       This case cannot proceed in federal court because there is no basis for federal jurisdiction.

16 "Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am.,

17 511 U.S. 375, 377, (1994).  In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts

18 jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and

19 cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship

20 among the parties, § 1332(a).  These jurisdictional grants are known as "federal-question

21 jurisdiction" and "diversity jurisdiction," respectively.  Home Depot U. S. A., Inc. v. Jackson, 139

22 S. Ct. 1743, 1746 (2019).  Here, there is no basis for diversity jurisdiction because both plaintiff

23 and at least one defendant, the Sacramento County Superior Court, are residents of Sacramento,

24 California.  ECF No. 1 at 1-2.

25       Nor is there any basis for federal question jurisdiction.  A case "arises under" federal law

26 either where federal law creates the cause of action or "where the vindication of a right under

27 state law necessarily turn[s] on some construction of federal law." Republican Party of Guam v.

28 Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction

Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. at 1089 (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)). Plaintiff's complaint invokes the Crime Victims' Rights Act ("CVRA"), a portion of the federal criminal code, as her only legal basis for suit. ECF No. 1 at 3. The criminal code does not provide any basis for a private lawsuit. "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." Clinton v. Jones, 520 U.S. 681, 718 (1997). Accordingly, Title 18 of the United States Code does not establish any private right of action and cannot support a civil lawsuit. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability). No other federal causes of action are alleged or appear from the facts presented.

The absence of federal subject matter jurisdiction requires dismissal. See Fed. R. Civ. P. 12(h)(3) ("If the court determine at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see also Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). The complaint here could not be saved by the pleading of additional facts or the reframing of the putative cause of action. The gravamen of plaintiff's case arises in family law, which is fundamentally a state court matter governed by California law. The disputes on which the complaint is based are currently being adjudicated in state court, and federal courts must generally abstain from interference in such proceedings. To the extent that plaintiff challenges orders already issued by the state court, her complaint constitutes a de facto appeal of state court orders which is barred by the Rooker-Feldman doctrine.[1] See, Riley v. Knowles, No. 1:16-CV-0057-JLT, 2016 U.S. Dist. LEXIS 7248, 2016 WL 259336, at *3 (E.D. Cal. Jan. 21, 2016) (dismissing complaint because "the Rooker-Feldman doctrine bars federal review of state court decisions regarding proceedings in family court."); Rucker v. County of Santa Clara, 2003 U.S. Dist. LEXIS 10454, 2003 WL 21440151, at *2 (N.D. Cal. June 17, 2003) (dismissing complaint

---

[1] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

because Rooker-Feldman bars challenge to child support orders); see also Moore v. County of Butte, 547 Fed. Appx. 826, 829 (9th Cir. 2013) (affirming dismissal of challenge to outcome of child custody proceedings); Ignacio v. Judges of U.S. Court of Appeals, 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming dismissal of the case "because the complaint is nothing more than another attack on the California superior court's determination in [the plaintiff's] domestic case.").

To the extent that plaintiff seeks an injunction against future proceedings in family court, abstention is required under Younger v. Harris, 401 U.S. 37, 91 (1971). Pursuant to Younger, federal court must abstain from exercising jurisdiction over state claims if doing so would interfere with ongoing state proceedings. See Gilbertson v. Albright, 381 F.3d 965, 978 (9th Cir. 2004) (en banc)) (reciting requirements for Younger abstention). The orders that plaintiff seeks would undeniably constitute direct interference in ongoing proceedings that implicate the state's important interest in family relations. Such relief is not available.

Finally, plaintiff cannot maintain a suit for damages against a state court. States are entitled to sovereign immunity which shields them from suits brought in federal court, absent consent. See Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). This immunity extends to state courts, which are state agencies. Hyland v. Wonder, 117 F.3d 405, 413 (9th Cir. 1997).

For all these reasons, the complaint must be dismissed. Because amendment would be futile, leave to amend would not be appropriate. See Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995) (where it is clear that a pro se complaint cannot be cured by amendment, the court may dismiss without leave to amend).

## II.  PRO SE PLAINTIFF EXPLAINATION

The federal court cannot the stop the state family law court from deciding alimony and child support issues, or give you money based on the state court's decisions. This court does not have jurisdiction over the matters you raise in your complaint, which means that this court has no ability to rule on your claims. For this reason, it is being recommended that this case be dismissed without prejudice.

////

III.   CONCLUSION

For the reasons explained above, plaintiff's request to proceed in forma pauperis, ECF No. 2, is GRANTED.

It is RECOMMENDED that this case be dismissed for lack of jurisdiction and failure to state a claim, without further leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: November 27, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE